# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1283
Lower Tribunal No. 23-2217-CA-01
_____

**Alexis Cabrales,**
Appellant,

vs.

**Home Depot U.S.A., Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellant.

Hamilton, Miller & Birthisel, LLP, and Audra M. Bryant and Jennifer Miller Brooks, for appellee Home Depot U.S.A., Inc.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Alexis Cabrales, the plaintiff below, appeals a final summary judgment entered in favor of Home Depot U.S.A., Inc., the defendant below, on Cabrales' claims for false imprisonment, false arrest and malicious prosecution. Upon our review,[1] and in light of the evidence submitted on the motion,[2] there remains a genuine dispute as to a material fact. The trial court erred in entering final summary judgment, and we therefore reverse and remand for further proceedings.

Reversed and remanded.

---

[1] We review de novo the trial court's entry of summary final judgment. <u>See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126 (Fla. 2000); <u>Williams v. Ryta Food Corp.</u>, 301 So. 3d 339 (Fla. 3d DCA 2020). In addition, we must view the summary judgment evidence in a light most favorable to the non-moving party. <u>Id.</u> at 341; <u>CG Tides LLC v. SHEDDF3 VNB, LLC</u>, 388 So. 3d 1081 (Fla. 3d DCA 2024).

[2] Home Depot relied for its summary judgment motion on the "shopkeeper immunity" provision of section 812.015(3)(a), Florida Statutes (2019), which it pled as an affirmative defense to Cabrales' complaint. Home Depot thus bore the initial summary judgment burden of demonstrating there was no genuine dispute as to any material fact on this affirmative defense. <u>Martinez v. Selene Finance LP</u>, 394 So. 3d 114 (Fla. 3d DCA 2024); <u>Arce v. Citizens Property Ins. Corp.</u>, 388 So. 3d 205, 208 n. 2 (Fla. 3d DCA 2024). <u>See also Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Fed. R. Civ. P. 56(c)).